## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD MALONE | § | |
| | § | |
| V. | § | A-16-CV-1183-SS |
| | § | |
| JAMES KEVIN DUTTON, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY AS DISTRICT ATTORNEY | § | |
| FOR THE 1ST JUDICIAL DISTRICT OF | § | |
| TEXAS, AND THE STATE OF TEXAS | § | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND
## REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Edward Malone's Application to Proceed *In Forma Pauperis* (Dkt. No. 2), along with his Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Malone's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Malone *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Malone is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of

court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Malone's Complaint and is recommending that Defendant the State of Texas be dismissed under 28 U.S.C. § 1915(e) and that his remaining claims against Defendant James Kevin Dutton be transferred to the Eastern District of Texas.  Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Malone has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The following is based on the allegations of the complaint.  Edward Malone, a resident of San Augustine, Texas (in the Eastern District of Texas), has a Doctorate of Jurisprudence from George Mason University School of Law.  On April 29, 2015, the Texas Supreme Court issued Malone a law license.  However, on June 7, 2016, the Texas Supreme Court "cancelled" his law license.  On July 1, 2016, Malone read the Declaration of Independence on the lawn of the San Augustine County Courthouse, as part of an alleged statewide protest against perceived injustices "perpetuated by prosecutors and judges in Harris County." Dkt. No.1 at 5.  After the protest, Malone contends that James Kevin Dutton, District Attorney for Sabine County retaliated against him by charging him with "Falsely Holding Oneself Out as a Lawyer" in violation of § 38.122 of the Texas

2

Penal Code.  Malone contends the charges against him are still pending in the District Court for San Augustine County.

On November 2, 2016, Malone, filed the instant lawsuit under 42 U.S.C. § 1983 against the State of Texas and Dutton, in his individual and official capacities, alleging that his prosecution for violating § 38.122 of the Texas Penal Code violates the First Amendment and the Commerce Clause. Malone seeks compensatory and punitive damages against Dutton in his individual and official capacities.

## A.      The State of Texas

Malone has named the State of Texas as a defendant in this case.  The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *See* U.S. Const. amend. XI; *see also*, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Section 1983 does not include a waiver of the states' sovereign immunity and the State of Texas has not has not waived its Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir.1996).  Accordingly, Malone's lawsuit against the State of Texas is barred by the Eleventh Amendment.

In addition, it is well settled that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).  Accordingly, the State of Texas is an improper defendant in this lawsuit and should be dismissed as a party under § 1915(e)(2).

## B.      Venue

Because § 1983 does not contain a specific venue provision, venue in a § 1983 case is determined under the general venue provision in 28 U.S.C. § 1391(b).  *Baker v. State of Texas*, 2016 WL 625090, at *1 (S.D. Tex.  Jan. 13, 2016).  Section 1391(b) provides in pertinent part:

A civil action may be brought in —

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Malone and Defendant Dutton are both residents of San Augustine, Texas and all of the events giving rise to this lawsuit occurred in San Augustine, Texas, which is located in the Eastern District of Texas. Accordingly, the proper venue for this lawsuit lies in the Eastern District of Texas, not the Western District of Texas. The Court therefore recommends that this case be transferred to the Lufkin Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1406(a).

## III. ORDERS AND RECOMMENDATIONS

The Court **HEREBY GRANTS** Malone's request to proceed *In forma Pauperis* in this case, but service should be withheld pending review of the recommendations made herein. The undersigned **RECOMMENDS** that the District Court **DISMISS** the State of Texas from this lawsuit under 28 U.S.C. § 1915(e)(2)(B) and **TRANSFER** the remainder of this case to the Lufkin Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1406(a). The Clerk is directed to remove this case from the undersigned's docket and return it to the District Court's docket.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Failure to file written objections

to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of November, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE