IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EDWARD A. MALONE,
        Plaintiff,

-vs-

JAMES KEVIN DUTTON,
        Defendant.

CAUSE NO.:
A-16-CA-1183-SS

# ORDER

BE IT REMEMBERED on the 11th day of August 2017, the Court held a hearing in the above-styled cause, and the parties appeared in person or through counsel. Before the Court are Defendant James Kevin Dutton's Motion to Dismiss [#69], Plaintiff Edward Malone's Response [#77] in opposition, and Dutton's Reply [#78] in support, as well as Malone's Motion for Leave to File a Surrebuttal [#82]. Having reviewed the documents, the arguments of counsel, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This action emerges from the prosecution of Malone by Dutton in his capacity as District Attorney for Judicial District 1 of Texas. On April 29, 2015, the Texas Supreme Court issued Malone a law license. Fourth Am. Compl. [#65] at 3. Shortly thereafter, in February 2016, the Texas Board of Law Examiners launched an investigation to determine whether Malone's law license should be suspended, and on June 7, 2016, the Texas Supreme Court cancelled Malone's license. *Id.*

Subsequently, in August 2016, Dutton charged Malone with falsely holding himself out as a lawyer under Texas Penal Code § 38.122, after Malone asserted he was an attorney in correspondence with a local news publication, the *San Augustine Tribune*. *Id.* at 6–8. Malone was indicted by a Grand Jury on August 8, 2016, but the State District Court of San Augustine County, Texas quashed the indictment on February 22, 2017. *Id.* The State District Court's decision to quash the indictment is currently pending on appeal. *Id.* at 9–10.

Notwithstanding the pending state court proceedings, Malone filed suit pro se in this Court on November 11, 2016. *See* Compl. [#1]. Malone seeks damages, declaratory relief, and injunctive relief under 42 U.S.C. § 1983, alleging violations of the First and Fourth Amendments. Fourth Am. Compl. [#65] at 10–23. In addition, Malone seeks damages for malicious prosecution under Texas common law. *Id.* at 23–25. Malone has sued Dutton in both his individual and official capacities. *Id.* at 1.

Dutton now moves to dismiss, arguing Malone's claims are barred by official and prosecutorial immunity. Mot. Dismiss [#69]. Alternatively, Dutton has requested this Court dismiss Malone's equitable claims and stay Malone's damages claims under the doctrine of equitable restraint set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Mot. Dismiss [#69].

## Analysis

### I. Legal Standard

The Federal Rules of Civil Procedure require each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include sufficient factual allegations, accepted as true, to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads sufficient

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] Fed. R. Civ. P. 12(b)(6). When a district court reviews a motion to dismiss pursuant to Rule 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

---

[1] There is some confusion regarding whether dismissals under *Younger* should be evaluated under the rubric of Rule 12(b)(1) or 12(b)(6). *See Verbal v. Krueger*, No. 1:09CV990, 2010 WL 276644 at *6 (M.D.N.C. Jan 15, 2010) (listing circuits which have concluded dismissals under *Younger* should be evaluated under Fed. R. Civ. P. 12(b)(6)); *see also Carlsbad Tech. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009) ("This Court's precedent makes clear that whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction."). Because Malone's claims fail under either standard, the Court's *Younger* analysis proceeds under Rule 12(b)(6).

## II. Application

### A. Claims Against Dutton in His Individual Capacity

Prosecutors are absolutely immune from liability under § 1983 in suits based on actions within the scope of their prosecutorial duties. *See Kalina v. Fletcher*, 522 U.S. 118, 123–29 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 427–28, 430–31 (1976). In Texas, prosecutors also possess absolute immunity from liability for state law claims based upon actions within the scope of their prosecutorial duties. *See, e.g., Miller v. Curry*, 625 S.W.2d 84, 86 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.) ("There has long been a common law immunity for prosecutors from civil actions for malicious prosecution based on an indictment and prosecution which results in an acquittal of the accused."); *Harris v. Francis*, No. 05-99-00866-CV, 2000 WL 175588 at *4 (Tex. App.—Dallas Feb. 16, 2000, no pet.) ("In construing the doctrine of absolute prosecutorial immunity, Texas courts follow federal jurisprudence and apply the functional approach set out in *Imbler v. Pachtman*.").

With respect to both state and federal claims, absolute prosecutorial immunity applies so long as the prosecutor's activities are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430; *see also Font v. Carr*, 867 S.W.2d 873, 878 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (using functional analysis to conclude prosecutorial immunity is appropriate where the official's conduct is "intimately associated" with the judicial phase of litigation). Thus, prosecutors cannot be held liable if the conduct complained of consists of initiating, investigating, or pursuing a criminal prosecution. *See Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980) (noting extension of prosecutorial immunity to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution); *see also Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Cousin v. Small*, 325 F.3d 627, 635

4

(5th Cir. 2003) ("Willful or malicious prosecutorial misconduct is egregious by definition, yet prosecutors are absolutely immune from liability for such conduct if it occurs in the exercise of their advocatory function.").

Malone's claims against Dutton in his individual capacity allege Dutton (1) unlawfully seized Malone by "procur[ing] an indictment;" (2) unlawfully abridged Malone's freedom of speech and freedom of association by "initiat[ing] a proceeding" against Malone; and (3) unlawfully and maliciously prosecuted Malone. *See* Fourth Am. Compl. at 18–24.[2] The acts of procuring an indictment and initiating a proceeding are "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 430; *Cousin*, 325 F.2d at 635; *Cook*, 616 F.2d at 793; *Font*, 867 S.W.2d at 878. Accordingly, the Court dismisses Malone's claims against Dutton in his individual capacity as barred by the doctrine of absolute prosecutorial immunity.

## B. Claims Against Dutton in His Official Capacity

The *Younger* abstention doctrine bars federal courts from enjoining ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40–41 (1971). "When a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the States." *Kugler v. Helfant*, 421 U.S. 117, 123 (1975). Abstention under *Younger* is proper when three criteria are met: "(1) the dispute should involve an 'ongoing state judicial proceeding;' (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an 'adequate opportunity in the state proceedings to raise

---

[2] For purposes of this Rule 12(b)(6) motion, the Court is limited to considering factual allegations made within Malone's complaint, as well as any documents attached or incorporated by reference. *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (declining to consider factual allegations made within response).

5

constitutional challenges.'" *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (quoting *Middlesex Cty.*, 457 U.S. at 435–37); *see also Bishop v. State Bar of Tex.*, 736 F.2d 292, 294 (5th Cir. 1984)). If all three *Younger* factors are met, a federal court must not issue equitable relief unless the plaintiff can show exceptional circumstances create a threat of immediate irreparable harm. *Kugler*, 421 U.S. at 123.

1. **The Prerequisites of *Younger* Abstention are Met.**

Under the facts of this case, the requirements of *Younger* abstention are met. First, the pending appeal of the state district court's order quashing the indictment against Malone qualifies as an "ongoing state judicial proceeding." *See, e.g., DeSpain v. Johnston*, 731 F.2d 1171, 1177–78 (5th Cir. 1984) ("[T]he *Younger* doctrine requires that federal courts abstain when a state proceeding is pending and the state appellate procedure has not been exhausted.").

Second, the criminal proceeding implicates important state interests. When a court enquires into the substantiality of the State's interest in its proceedings, it does not look narrowly to its interest in the *outcome* of the particular case. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989). Rather, it looks to the importance of the generic proceedings to the State. *Id.* It is clear Texas has an important interest in "carrying out the important and necessary task of enforcing its criminal laws." *Id.* (quoting *Younger*, 401 U.S. at 51–52).

Third, the state criminal proceeding offers Malone an adequate opportunity to raise his constitutional challenges. "Federal intervention is not necessitated whenever an appellant contends that he will lose in state court. Instead, intervention is appropriate only if a party has no *opportunity* to present his federal claim in a state proceeding." *Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988) (internal citations omitted). Malone argues he lacks an adequate opportunity

6

to raise his constitutional claims in the state criminal proceeding because Texas does not allow criminal defendants to raise as-applied challenges through pretrial applications for a writ of habeas corpus. Resp. [#77] at 48–50 However, Malone's inability to raise his as-applied challenges at the pretrial stage does not preclude Malone from raising his as-applied challenges at a later point in the trial, should a trial eventually occur. *Cf. Kugler*, 421 U.S. at 124 (finding the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" do not constitute an irreparable injury precluding application of *Younger*); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Because Malone would be able to eventually raise his as-applied claims if the state court indictment were revived, the Court finds Malone has an adequate opportunity to raise his constitutional challenges in state court. In sum, the prerequisites of *Younger* abstention are met, and accordingly, Malone's equitable claims must be dismissed[3] unless an exception to *Younger* applies.

### 2. The Exceptions to *Younger* Do Not Apply.

If all three *Younger* factors are met, a federal court must not issue equitable relief interfering with a pending state criminal prosecution unless exceptional circumstances create "a threat of irreparable injury both great and immediate." *Kugler*, 421 U.S. at 123 (internal quotation marks omitted). A federal court may decline to engage in *Younger* abstention in three circumstances: "where there is a showing of bad faith or harassment by state officials responsible for the prosecution; where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or where there exist other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the

---

[3] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]here the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.").

usual prerequisites of bad faith and harassment." *See id.* at 124 (internal citations and quotation marks omitted); *see also Perez v. Ledesma*, 401 U.S. 82, 117–21 (1971). A plaintiff arguing against the application of *Younger* bears the burden of establishing one of the exceptions applies. *See Kirschner v. Klemons*, 225 F.3d 227, 235–36 (2d Cir. 2000) (citing *Middlesex Cty.*, 457 U.S. at 435); *see also Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979) (holding plaintiff bears burden of proving exception to *Younger* based on prosecution motivated by impermissible purpose).

### a. Malone Has Not Requested Equitable Relief Warranting Application of the Bad Faith Exception.

"The bad faith exception is narrow and to be granted parsimoniously." *Wightman*, 84 F.3d at 190. The *Younger* exception for bad faith prosecutions is primarily applied in two circumstances: when a state commences a prosecution or proceeding to retaliate for or to deter constitutionally protected conduct; or when the prosecution or proceeding is taken in bad faith or for the purpose to harass. *Bishop*, 736 F.2d at 294. "To invoke this exception, the federal plaintiff must show the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). "Mere conclusory allegations of bias are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception." *Kirschner*, 225 F.3d at 236.

In his response to Dutton's motion to dismiss, Malone asserts for the first time that *Younger*'s bad faith exception applies in this case because Dutton "exploited a poorly written statute to settle a score with one of his political enemies." Resp. [#77] at 46. Elsewhere in his complaint, Malone also asserts Dutton used § 38.122 "as a pretext to quell Plaintiff's freedom of association." *See* Fourth Am. Compl. [#65] at 22. Problematically, however, none of Malone's

8

requests for injunctive relief bear any relation to these conclusory allegations of bad faith. For example, Malone requests the Court declare § 38.122 unconstitutional and enjoin the State of Texas from enforcing it. *Id.* at 10–13. In a similar vein, he insists that if the Court does not enjoin and invalidate § 38.122, "the Kevin Duttons of this world will be free to maliciously indict non-barred lawyers" under § 38.122. *Id.* at 15.

Malone has not asked this Court to enjoin a particular bad faith prosecution. Rather, he asks this Court to enjoin *all* enforcement of § 38.122. *Id.* at 10–15. The bad faith exception is the improper vehicle for seeking such broad equitable relief. Instead, Malone's equitable claims are more properly addressed under *Younger*'s second exception, which allows courts to enjoin a facially unconstitutional statute, despite ongoing state criminal proceedings, where the offending statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54. Malone has simply failed to ask for injunctive relief related to the bad faith exception he seeks to invoke. Given the narrow ambit of the exception, *see Wightman*, 84 F.3d at 190, the Court declines to apply the bad faith exception to *Younger* here.

### b. Malone Has Not Shown State Law Flagrantly and Patently Violates an Express Constitutional Prohibition.

Malone also argues Texas Penal Code § 38.122 is flagrantly and patently unconstitutional. However, Malone's conclusory allegations regarding the unconstitutionality of § 38.122 are insufficient to meet his burden of establishing this exception to the application of *Younger*. Texas Penal Code § 38.122 has been found constitutional by both state and federal courts. *See Celis v. Williams*, No. 2:14–CV–335, 2017 WL 1074917 (S.D. Tex. March 22, 2017); *Celis v. State of Tex.*, 354 S.W.3d 7 (Tex. App.—Corpus Christi 2011), *aff'd* 416 S.W.3d 419

(Tex. Crim. App. 2013). In light of these prior rulings, this Court does not find § 38.122 "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54. The Court therefore declines to apply this exception to *Younger*.

### c. Malone Has Not Shown Other Extraordinary Circumstances.

Finally, Malone has failed to plead "other extraordinary circumstances" meriting federal intervention in an ongoing state judicial proceeding. Malone argues extraordinary circumstances exist because the State of Texas's pretrial habeas procedures provide inadequate protection of federal rights. *See* Resp. [#77] at 48. The Court finds that Malone's inability to present his as-applied claims through a pretrial writ of habeas corpus does not constitute an extraordinary circumstance because the state criminal proceeding provides other opportunities to litigate as-applied constitutional claims. *Cf. Fine*, 330 S.W.3d at 910. Given Malone's failure to plead specific facts showing extraordinary circumstances meriting federal intervention in an ongoing state judicial proceeding, the Court declines to apply the extraordinary circumstances exception here.

### Conclusion

In sum, Malone's claims against Dutton in his individual capacity are barred by the doctrine of absolute prosecutorial immunity and dismissed with prejudice. Malone's claims against Dutton in his official capacity, for which he seeks declaratory and injunctive relief, are incapable of resolution at this time and subject to dismissal without prejudice under the doctrine of equitable restraint set forth in *Younger*. Finally, Malone's motion for leave to file a surrebuttal is denied because Malone received adequate opportunity to address Dutton's arguments at the

August 11, 2017 hearing on the motion to dismiss. Therefore, the Court GRANTS Dutton's Motion to Dismiss and DENIES Malone's Motion for Leave to File a Surrebuttal.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss [#69] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant in his individual capacity are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant in his official capacity are DISMISSED WITHOUT PREJUDICE; and

IT IS FINALLY ORDERED that Plaintiff's Motion for Leave to File a Surrebuttal [#82] is DENIED.

SIGNED this the 3rd day of October 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE